UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JASON DEAN BORDEN**                                                                              **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 1:08-CV-P168-M**

**SOUTHERN HEALTH PARTNERS, INC., et al.**                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Jason Dean Borden, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

Plaintiff sues Southern Health Partners, Inc., and Jackie T. Strode, Director at Warren County Regional Jail (WCRJ), alleging that Defendants have violated a state-court order that Plaintiff receive mental health medication. He states that a state-court judge, Honorable Steve Alan Wilson, has twice ordered that Plaintiff be forced to receive his mental health medication even if Plaintiff refuses to take his medication. Plaintiff states that he has not refused to take his medication. Plaintiff asserts,

> Along with these Defendants forced denial of medical attention, they have insisted that the Plaintiff purchase his own Court Ordered Mental Health medications. They use a excuse of not having to provide the Plaintiff Court Doctor MD PHD Dr. located at Kentucky Center of Psychiatric Corrections Facility located at LaGrange KY 40031. That this lack of medications cause severe mental health issues an outbursts is obvious from the Plaintiffs court hearings . . . .

He further asserts that "as a state prisoner, property of the Commonwealth of Kentucky Department of Corrections he is entitled to any and all court ordered mental health medications

prescribed by a doctor while with the direct custody of the Department of Corrections, Warren County Regional Jail or any other state funded institutional facility paid to housed Department of Corrections State of Kentucky Inmates." He alleges that Defendants' refusal to provide this medication "mak[es] the Plaintiff to arrange and purchase his own mental health medications to keep from being sick an[d] being found again in contempt of court orders."

As relief, Plaintiff requests that he or his family who paid for the court-ordered mental health medications with credit cards be reimbursed plus 25% interest compounded daily; that staff be ordered not to violate Plaintiff's rights or be jailed; that Plaintiff be recognized as never having been in contempt of court; and "for any all cash award that can come from the Southern Health Partners and/or Jackie T. Strode, and/or his office."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A. Claims for injunctive relief**

An examination of the Kentucky Offender Online Lookup System, www.corrections.ky.gov/kool, reveals that Plaintiff is no longer housed at WCRJ. Therefore, Plaintiff's requests for injunctive relief are moot because he is no longer incarcerated at the WCRJ. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Those claims will be dismissed by separate order.

**B. Claims for monetary relief**

Plaintiff does not indicate in which capacity he sues Defendant Strode. Because Plaintiff references Defendant Strode in the context of his official position, the claim will be construed as brought against Defendant Strode in his official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendant Strode in his official capacity are actually brought against Warren County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). While it appears from the complaint that Plaintiff or his family

have paid for his mental health medication at least some of the time, reading the complaint liberally, it appears that Plaintiff has alleged that he has been without his mental health medication at times apparently because Defendants would not pay for it. Therefore, the Court finds, for purposes of this Memorandum Opinion, that Plaintiff has alleged a constitutional violation.

The Court now turns to the issue of whether the municipality is responsible for the alleged constitutional violation. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village*

*of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint read liberally identifies a policy or policies causing the alleged constitutional violations in that Plaintiff alleges that Defendants believe that they do not have to pay for medication ordered by a doctor at the "Kentucky Center of Psychiatric Corrections Facility."  The Court will allow Plaintiff's claims for monetary damages to go forward against Defendant Strode.

For the same reasons, the Court will allow the monetary claims against Defendant Southern Health Partners to go forward.  A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior."  *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).  Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).

Viewing the complaint liberally, it could be argued that Plaintiff is alleging that Southern Health Partners had a policy not to provide medications which were prescribed by a doctor at the "Kentucky Center of Psychiatric Corrections Facility."   Therefore, the Court will allow the monetary damages claim against Defendant Southern Health Partners to go forward.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims for injunctive relief. Also by separate Order, the Court will enter a Scheduling Order to govern the development of the remaining claims. By allowing the claims for monetary damages to go forward, the Court passes no judgment on the ultimate merit of those claims.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4413.009