UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JASON DEAN BORDEN                                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 1:08-CV-P168-M

SOUTHERN HEALTH PARTNERS, INC., et al.                  DEFENDANTS

### MEMORANDUM OPINION and ORDER

Plaintiff, Jason Dean Borden, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Defendants Southern Health Partners, Inc., and Jackie T. Strode, Director of the Warren County Regional Jail (WCRJ) (DN 1). Defendants have filed a motion for summary judgment (DN 31). Plaintiff failed to file a response to Defendants' motion. For the reasons set forth below, the Court will grant Defendants' motion.

### I. FACTS

Plaintiff's complaint alleged that Defendants violated a state-court order that Plaintiff receive mental health medication. He alleged that a state-court judge twice ordered that Plaintiff be forced to receive his mental health medication even if Plaintiff refuses to take his medication. Plaintiff stated that he has not refused to take his medication, asserting,

> Along with these Defendants forced denial of medical attention, they have insisted that the Plaintiff purchase his own Court Ordered Mental Health medications. They use a excuse of not having to provide the Plaintiff Court Doctor MD PHD Dr. located at Kentucky Center of Psychiatric Corrections Facility located at LaGrange KY 40031. That this lack of medications cause severe mental health issues an outbursts is obvious from the Plaintiffs court hearings . . . .

Plaintiff further asserted that "as a state prisoner, property of the Commonwealth of Kentucky Department of Corrections he is entitled to any and all court ordered mental health medications prescribed by a doctor while with the direct custody of the Department of

Corrections, Warren County Regional Jail or any other state funded institutional facility paid to housed Department of Corrections State of Kentucky Inmates." He alleged that Defendants' refusal to provide this medication "mak[es] the Plaintiff to arrange and purchase his own mental health medications to keep from being sick an[d] being found again in contempt of court orders."

## II. ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

Defendants state in their summary-judgment motion that upon Plaintiff being released from the Kentucky Correctional Psychiatric Center (KCPC), where he was sent to be evaluated, and returned to WCRJ on May 13, 2008, he was being treated with Celexa for his anxiety disorder and antisocial personality disorder, Clonidine for his hypertension, and Claritin for his nasal congestion. Defendants further argue that the medical record shows that from May 14, 2008, the day after Plaintiff was returned to WCRJ until November 13, 2008, the day Plaintiff was transferred out of WCRJ, Plaintiff received his Celexa and Clonidine. The medical record also shows that Plaintiff received Loratadine, a non-formulary version of Claritin, from May 26,

3

2008, until November 10, 2008.

Defendants further explain that Plaintiff's discharge referral from KCPC indicated that he was receiving Neurontin at KCPC, which is a brand name for the drug Gabapentin. According to Defendants, Gabapentin was originally approved for use as an adjunctive medication to control partial seizures and later an indication was added for use as treatment for neuropathic pain following shingles and other painful neuropathies but it is not approved as a mental health medication. Defendants state that the attending physician at WCRJ determined that there was no indication for the use of formulary Neurontin and that its use was not medically necessary. Instead, Plaintiff was offered a non-formulary pain medication at no cost and, in fact, the medical record indicates that Plaintiff received 500 mgs of Tylenol twice daily while at WCRJ.

Defendants further explain that because Plaintiff possessed a valid prescription for Neurontin he was told that he could arrange for his family to purchase the Neurontin and bring it to the jail where it would be distributed to him. The medical record shows that Plaintiff's family did purchase Gabapentin for Plaintiff which was dispensed to him from May 27, 2008, until November 10, 2008. Thus, Defendants argue that they are entitled to summary judgment because, in fact, Plaintiff was never deprived of a mental health medication and his family never purchased a mental health medication on his behalf.

Defendants attach as exhibits, among other things, a May 12, 2008, KCPC discharge referral form which states that Plaintiff's discharge medications were Neurontin, Celexa, Clonidine, and Claritin. They also attach Plaintiff's WCRJ medication record from May 2008 to November 2008, showing that he received Celexa and Clonidine everyday from May 14, 2008,

4

through November 10, 2008, with the only exception being June 9, 2008.[1] The documents attached to the summary-judgment motion show that the only medication which Plaintiff's family purchased for him was Gabapentin, which is not a mental health medication according to the print-out from the United States Food and Drug Administration website Defendants attach to their motion.

In order to prevail on his claim against Defendants, Plaintiff would have to show that he suffered harm which was caused by a constitutional violation and that the municipality, *i.e.*, the WCRJ and/or Southern Health Partners, is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). Here, Defendants have shown, and Plaintiff has not refuted, that Plaintiff did not suffer the harm he alleged in his complaint, *i.e.*, that the only way he could continue on his mental health medication was to have his family purchase it for him. Plaintiff has not shown by affidavits or otherwise that specific facts exist demonstrating a genuine issue for trial. *See* FED. R. CIV. P. 56(e)(2).

### III. CONCLUSION and ORDER

Plaintiff has failed to refute Defendants' arguments and has also failed to demonstrate the existence of genuine issues of material fact. Therefore, Defendants are entitled to judgment as a matter of law. The motion for summary judgment (DN 31) is **GRANTED**.

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4413.009

---

[1] No reason is noted on the medical record for this one-day omission.

5